UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:13-cr-00299-HDM-PAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| JOVANNI CORTE GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Defendant Jovanni Corte Graham ("defendant") has filed a motion for resentencing (ECF No. 43). The government has opposed the motion (ECF No. 44). Defendant has not replied, and the time for doing so has expired.

    Defendant argues that one of his prior convictions has been retroactively reduced from a felony to a misdemeanor pursuant to California's Proposition 47, 2014 Cal. Legis. Serv. Prop. 47. Defendant asserts that reclassification of the offense changes his criminal history category and that he is therefore entitled to be resentenced.

    In *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016), the Ninth Circuit held that a defendant was not entitled to be

1

resentenced when one of his prior felony convictions was reduced to a misdemeanor pursuant to Proposition 47. The defendant in *Diaz* was subject to a mandatory sentence enhancement under 21 U.S.C. § 841 based on his prior felony convictions. While the defendant here argues that Proposition 47 impacted his criminal history category and not his statutory sentence, the court finds that the rationale of *Diaz* applies with equal – if not greater – force in these circumstances. Accordingly, the retroactive reduction of one of defendant's prior convictions to a misdemeanor does not entitle him to any relief, and defendant's motion for resentencing (ECF No. 43) is therefore **DENIED**.

**IT IS SO ORDERED.**

DATED: This 3rd day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE